## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**Carrie Johnson,**

      **Plaintiff,**

                                                **Case No.: 2:10-CV-076**

**-V-**                                              **JUDGE SMITH**
                                                  **Magistrate Judge Abel**

**The Washington County Career Center**
**and Dewayne Poling,**

      **Defendants.**

### OPINION AND ORDER

Plaintiff Carrie Johnson brings this action against Defendants The Washington County Career Center ("WCCC") and Dewayne Poling, in his official capacity as the Director of Adult Education for WCCC.  Plaintiff alleges that Defendants unlawfully discriminated against her by excluding her from participating in and denying her the benefits of WCCC's services, programs, or activities in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12131 *et seq.*  and Ohio's disability discrimination law, Ohio Revised Code Section 4112.02(G).  This matter is before the Court on Defendant Dewayne Poling's Motion to Dismiss for failure to state a claim against him (Doc. 4). For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Defendant Poling's Motion to Dismiss.

### I.    BACKGROUND

Plaintiff Carrie Johnson is an individual citizen of the State of Ohio.  Plaintiff has a learning disability involving reading and comprehension, and is substantially limited in the major

life activity of learning.  (Compl. ¶6).  On December 19, 2008, Plaintiff was admitted to Defendant WCCC's Surgery Technologist Program that began on January 5, 2009.  Plaintiff requested a reasonable accommodation for her disability, including the use of a Krzweil Reader and a word bank.  (Compl. ¶¶ 8-9).

On January 5, 2009, Defendant Dewayne Poling, Director of Adult Technical Training, told Plaintiff to come early to class so that he could show her the Kurzweil Reader.  When Plaintiff arrived Defendant Poling failed to show her the Kurzweil Reader.  Instead, he waited until a group of students assembled for a meeting before discussing Plaintiff's requested accommodation in front of the assembled students.  (Compl. ¶ 10).

On January 6, 2009, Defendant Poling met Plaintiff as she was headed into class and asked her to sign a blanket medical release.  Plaintiff asserts that he would not allow her to review it with her case worker before signing it and therefore refused to sign it.  Defendant Poling then destroyed the document.  Again, Plaintiff says that Defendant Poling discussed her disability and accommodation in front of her classmates.  Plaintiff also states that she was late for class and missed her study time because of the unscheduled meeting.  (Compl. ¶ 11).

In a meeting on January 7, 2009, Defendant Poling and Lori Sayre, Surgical Technologist Program Coordinator, questioned whether Plaintiff could complete the Surgical Technologist Program because of her disability and also questioned her generally about her disability.  (Compl. ¶ 12).

Plaintiff describes that Defendant Poling repeatedly tried to get her to sign a blanket medical authorization to determine if she was actually disabled and to determine what, if any, accommodation was necessary.  Plaintiff refused to sign the release.  Plaintiff claims she provided

documentation to Defendants to prove her disability, including a letter from her case worker. (Compl. ¶¶ 13-14).

On January 15, 2009, Defendant Poling informed Plaintiff that an alleged patient confidentiality issue in her clinical practice precluded her from using the Kurzweil Reader. Defendant gave Plaintiff the option to withdraw from the Surgical Technologist Program with a full refund, or continue with the program in the event that some future circumstance would permit an accommodation.  (Compl. ¶ 15).

On January 21, 2009, Plaintiff missed a test due to illness.  She presented medical documentation to Defendant and requested a make-up exam.  On January 23, 2009, Plaintiff went to take the make-up exam, but WCCC was closed.  On January 26, 2009, Plaintiff attempted to take the test again, but Defendant refused to provide a word bank.  On February 2, 2009, Plaintiff informed Defendant Poling that she could make up the exam on February 3rd or 5th, but not the 4th due to a conflict with appointments she had scheduled.  Defendant Poling demanded she take the test on February 4th.  Plaintiff refused to take the test then and Plaintiff's attorney sent a letter on her behalf.  Defendant Poling then allowed Plaintiff to make-up the test during class time. (Compl. ¶¶ 16-20).

Plaintiff describes that she had limited access to the Kurzweil Reader because of the interference of high school classes and meetings scheduled in the room where it was located. Further, Defendant would not scan Plaintiff's materials, so she had to scan them herself during the limited amount of time she had access.  As a result, Plaintiff describes that her study time was significantly reduced.  (Compl. ¶ 21).

On March 29, 2009, Defendant WCCC dismissed Plaintiff from the Surgical Technologist Program for a poor grade in her medical terminology class.  Plaintiff claims that Defendant's actions prior to the test made it impossible for her to receive a passing grade, including:

a. Defendant refused to allow Plaintiff to use the word bank for the medical terminology exam;

b. The medical terminology class was on Wednesday nights. Every Wednesday afternoon, including the date of the final examination, either Defendant Poling or one of his subordinates at Defendant Poling's direction, interrupted Plaintiffs study time at school for issues Defendant demanded resolution at that time, instead of scheduling a meeting during a time when Plaintiff was not studying;

c. During the medical terminology course, Plaintiff informed Defendant that the Kurzweil Reader was reading the medical terminology incorrectly. Plaintiff asked for assistance in remedying the situation, but Defendant refused. In order to correct the problem herself, Plaintiff located a Kurzweil Reader manual online that helped her reconfigure the Kurzweil Reader. Then Defendant moved Plaintiff into a room without internet access so that she could no longer access the manual;

d. Plaintiff was not permitted to ask any questions during the medical terminology exam, but students without learning disabilities received assistance during the exam;

e. Plaintiff did not receive graded copies of her previous tests in a timely manner, but students without learning disabilities received graded copies of previous tests in a timely manner to study for future tests. As a result, Plaintiff was unable to use them as a study guide.

(Compl. ¶ 22).

On April 2, 2009, Plaintiff requested to re-take the medical terminology exam with the appropriate accommodations.  On April 21, 2009, Defendant notified Plaintiff that she could re-take the medical terminology exam, but she could not use a word bank.  Plaintiff claims that without the accommodation, she could not pass the test.  Further, Plaintiff claims that the delay in responding to her request meant that the Spring Quarter for the Program had already begun and she was unable to enroll.  (Compl. ¶¶ 23-24).

4

Plaintiff initiated this case on January 26, 2010, alleging violations of the ADA and Ohio's Disability Discrimination Law.  In Count I, Plaintiff alleges that Defendants discriminated against her by excluding her from participating in and denying her the benefits of WCCC's services, programs or activities in violation of the ADA.  In Count II, Plaintiff alleges that Defendants retaliated against her for filing suit against Defendant WCCC alleging disability discrimination.  In Count III, Plaintiff alleges that Defendants discriminated against her by excluding her from participating in and denying her the benefits of WCCC's services, program or activities in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*.  In Counts IV and V, Plaintiff alleges that Defendant unlawfully denied her the full enjoyment of Defendant WCCC's Surgical Technologist Program and failed to provide her with a reasonable accommodation in violation of Ohio's Disability Discrimination Law.

## II.    STANDARD OF REVIEW

A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it.  *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief [.]"  A court, in considering a 12(b)(6) motion to dismiss, must "construe the complaint in the light most favorable to the plaintiff," accepting as true all the plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

To survive dismissal pursuant to Rule 12(b)(6), however, a claim must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The United States Supreme Court, in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), clarified *Twombly's* plausibility standard:

Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  *Id.*, at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)).  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.*, at 556.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

*Id*. at 1949-50.

### III.    DISCUSSION

Defendant Dewayne Poling moves to dismiss the federal claims against him asserting that neither the ADA, nor the Rehabilitation Act allow for claims against an individual.  Further, Defendant Poling agues that Ohio Revised Code § 4112.022 only applies to educational institutions, not the employees of these institutions.  Finally, Defendant Poling argues that the Court should not exercise supplemental jurisdiction over Count IV of Plaintiff's Complaint.  The Court will address each of Defendant Poling's arguments in turn.

### A.    Plaintiff's ADA and Rehabilitation Act Claims against Dewayne Poling

Defendant Dewayne Poling argues that Counts I, II, and III of Plaintiff's Complaint must be dismissed because the ADA and the Rehabilitation Act prohibit lawsuits against individuals in their official capacity.  Plaintiff Johnson counters that her claims against Defendant Poling should not be dismissed because it is not redundant and there is no authority for dismissal.  Plaintiff does admit that

6

a suit against an individual in his official capacity is to be treated as a suit against the entity.

The Court agrees with Defendant Poling that the claims against him are actually claims against Defendant WCCC. The claims against Defendant Poling relate only to actions taken in his official capacity.

In *Hafer v. Melo*, 502 U.S. 21, 25 (1991), the Court stated that "[o]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." (citations and internal quotations omitted). *See also*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, n.55 (1978) (same). "[T]he real party in interest in an official-capacity suit is the government entity itself and not the named official." *Id.* Courts regularly dismiss as redundant claims against agents in their official capacities when the principal entity is also named as a defendant in the suit. *See Von Herbert v. City of St. Clair Shores*, 61 Fed. Appx. 133, 140 (6th Cir. 2003); *Doe v. Westerville City School District*, 2008 U.S. Dist. LEXIS 43784, Case No. 2:07-cv-0683 (S.D. Ohio 2008) (Smith, J.). As applied to the instant case, the claims Plaintiff Johnson asserts against Defendant Poling should be treated as claims against Defendant WCCC, as that entity employs Defendant Poling. Put another way, because Defendant WCCC is the real party in interest, the naming of Defendant Poling in this case is redundant.

In so finding, the Court notes that the removal of Defendant Poling does not provide a ground for Defendant WCCC to avoid liability. Instead, the Court is acknowledging that any wrongdoing by Defendant Poling is attributable to Defendant WCCC. By eliminating the redundant claims against Defendant Poling, this Court is merely simplifying the litigation in a manner that does not cause any prejudice to Plaintiff.

Accordingly, the Court dismisses Counts I, II, and III of Plaintiff's Complaint, the federal ADA and Rehabilitation Act claims against Defendant Poling.

Similarly, Ohio Revised Code section 4112.022, Ohio's Disability Discrimination law "parallels the ADA in all relevant aspects." *See Daughterty v. Sajar Plastics, Inc.*, 544 F.3d 696 (6th Cir. 2008); *see also City of Columbus Civil Serv. Comm'n v. McGlone*, 82 Ohio St.3d 569 (1998) ("The federal Americans with Disabilities Act. . . is similar to the Ohio handicap discrimination law. . . We can look to regulations and cases interpreting the federal Act for guidance in our interpretation of Ohio law."); *Simmons v. Wal-Mart Assocs., Inc.*, 2005 U.S. Dist. LEXIS 21772 at *19 (S.D. Ohio July 19, 2005) (Smith, J.) ("The Ohio Supreme Court has endorsed the practice of looking to federal law interpreting the ADA for guidance under Ohio's statute."). Accordingly, Plaintiff Johnson's Ohio Disability law claims against Defendant Poling should be treated as claims against Defendant WCCC as set forth above. Therefore, Count V of Plaintiff's Complaint against Defendant Poling is dismissed.

**B.     Plaintiff's Count IV Claim under O.R.C. § 4112.022(A)(9) against Defendant Poling**

Defendant Poling argues that Plaintiff's "factual allegations and claim for relief under Count IV are broadly worded enough to assert an R.C. 4112.02(G) claim against Mr. Poling. . . However, said Count IV claim is Ms. Johnson's only potentially viable claim against Mr. Poling. . .Because that claim presents no federal question and because Ms. Johnson asserts no other legally cognizable federal claim against Mr. Poling, this Court should exercise its discretion to dismiss Count IV of the Complaint against Mr. Poling." (Def.'s Mot. at 8).

Plaintiff argues, and the Court agrees that "[i]f the Court does not exercise jurisdiction over Plaintiff's state law claims against Defendant Poling, there will be two lawsuits regarding the same

8

set of operative facts: one against Defendant WCCC in this Court for violations of state and federal law, and the other against Defendant Poling in state court for violations of state law." (Pl.'s Memo. in Opp. at 13). Further, as discussed in detail above, Defendant Poling is being sued in his official capacity and the claims against him and WCCC are the same. If the Court did not exercise supplemental jurisdiction, Plaintiff would essentially be suing the same defendant on the same issues, but in two separate courts. Accordingly, Defendant Poling's Motion to Dismiss Count IV of Plaintiff's Complaint against him is denied.

## IV.    CONCLUSION

Based on the above, the Court **GRANTS IN PART AND DENIES IN PART** Defendant Dewayne Poling's Motion to Dismiss.

The Clerk shall enter a final judgment in this case in favor of Defendant Dewayne Poling on Counts I, II, III, and V of Plaintiff's Complaint. Count IV of Plaintiff's Complaint remains pending against Defendant Poling and all of Plaintiff's claims against Defendant WCCC remain pending.

The Clerk shall remove Document 4 from the Court's pending motions list.


**IT IS SO ORDERED.**


                                                          */s/ George C. Smith*
                                              **GEORGE C. SMITH, JUDGE**
                                              **UNITED STATES DISTRICT COURT**

9