IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Carrie Johnson, | : | |
| Plaintiff | : | Civil Action 2:10-cv-00076 |
| v. | : | Judge Smith |
| The Washington County Career Center, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants | : | |

## Discovery Conference Order

On June 25, 2012, counsel for the parties participated in a discovery dispute conference with the Magistrate Judge.

<u>Interrogatory No. 8</u>. Plaintiff wants to know who made the decision to accommodate and who had input into that decision. Defendants have now provided that information.

<u>Interrogatories Nos. 10 and 11</u>. Defendants' counsel stated that Lori Sayre had the conversation with the hospital(s). Defendants' counsel is getting in contact with Ms. Sayre, who is no longer employed by the Career Center, and will then respond to the interrogatories.

<u>Interrogatories Nos. 8 and 9</u>. These seek information about the accommodations the Career Center deemed reasonable. As to the medical technology word bank, defendants' counsel said that it was an appropriate accommodation for the classes plaintiff Johnson was taking in 2008, but not for the 2009 class in which word identification and correct

spelling were taught. It would defeat the goal of the class to permit use of a word bank during testing.

Plaintiff also maintains that the Kurzweil reader was not an effective accommodation because defendants did not scan information into the reader for her. She was forced to spend much of her time with the reader scanning material into it. Defendants' counsel indicated that on one occasion Jerry Bradwell offered to scan materials for Ms. Johnson, but she did not respond. Defendants' counsel agreed to respond to plaintiff's counsel's question--Why didn't the Career Center scan documents into the reader?

<u>Document Request No. 14</u>. Defendants' counsel agreed to identify tests/quizzes for each year. *E.g.,* 2008 midterm, 2008 final, *etc.* She will also Bates stamp the documents produced.

<u>Interrogatory No. 13</u>. This interrogatory was served on Mr. Poling, who is no longer a defendant. Defendants' counsel agreed to supplement the response to the interrogatory. She said that the Career Center accepted the BVR letter that said Ms. Johnson had a disability but asked her for a diagnosis. BVR needed a release from Ms. Johnson. BVR gave her the release form. Ms. Johnson later authorized BVR to release her academic information, but not her diagnosis. The Center was unable to determine plaintiff's diagnosis, which was important to determining what accommodations were commensurate with her diagnosis.

<u>Protective Order</u>. Defendants' counsel will draft the protective order.

                                                          s/Mark R. Abel
                                                          United States Magistrate Judge